JAMES TISDALE, APPELLANT, *v.* MATILDA MOORE, BENJAMIN F. MOORE,· JOSEPH G. MOORE, BENJAMIN F. MOORE, JR., AND OTHERS, RESPONDENTS.

*Demurrer — Misjoinder of causes of action — what is not.*

In an action to foreclose a mechanic's lien, although other persons than the one against whom the claim was filed as owner of the premises are made parties defendant, on the ground that conveyances by and to them, of the premises, were fraudulently made to defeat plaintiff's claim, and the complaint asks to have such conveyances declared void, yet there is only one cause of action set forth in the complaint and the same is not demurrable.

Even if the prayer for judgment upon the facts alleged be for too much, it is not ground for demurrer.

APPEAL from a judgment and order sustaining a demurrer to a complaint, on the ground of a misjoinder of two causes of action.

The complaint sets forth that the plaintiff performed labor and furnished materials for certain houses on the land of the defendant Matilda Moore, and that he filed and served on the 16th November, 1875, the notice required under chapter 478 of the Laws of 1862, under and by which he acquired a lien thereon. It further alleges, that on the 15th November, 1875, the defendant Matilda Moore and her husband executed and delivered to the defendant Joseph G. Moore a paper purporting to be a deed of said premises; and on the same day Joseph G. Moore executed a paper, purporting to be a mortgage, to the defendant Benjamin F. Moore, and also another to Matilda Moore. That the said instruments were designed to defeat plaintiff's lien; were without consideration and fraudulent, and asks to have such instruments declared void; that there be an accounting and settlement between plaintiff and defendant Matilda Moore of the amount due him, and that a sale of the interest of the defendant Matilda Moore be directed and the proceeds applied to the payment of the claim of the plaintiff, with his costs, and for such other relief as to the court may seem just. To this there was put·in a demurrer, that two separate and distinct causes of action had been improperly united in the complaint.

*Frank E. Blackwell*, for the appellant.

*Justus Palmer*, for the respondents.

BARNARD, P. J.:

I think the complaint sets forth but a single cause of action.

The plaintiff avers that he performed labor and furnished materials to repair three houses on the land of Matilda Moore. That he filed and served the notice required under chapter 478 of the Laws of 1862, on the 16th of November, 1875, under and by which he acquired a lien upon the premises described in the complaint.

The complaint further avers that Matilda Moore, on that day, was the owner of the premises.

The complaint further avers that on the 15th of November, 1875, the defendant Matilda Moore, and her husband, executed and delivered a paper, purporting to be a deed, to one Joseph G. Moore, and on the same day Joseph G. Moore executed a paper, purporting to be a mortgage thereon, to Benjamin F. Moore. Also on the same day he executed a pretended mortgage thereon to Matilda Moore.

That both deed and mortgages were designed by the parties to them to defeat plaintiff's lien; that they were fraudulent, without any consideration and void.

Under these averments, by our statute, the pretended papers were, and are, void as against the plaintiff. (2 R. S. [2d ed., m. p.], 137, § 1.)

The cause of action is simply that plaintiff has a lien as of the 16th of November, 1875, and he asks its enforcement under the act above referred to. The plaintiff has inserted in his complaint only " such other matters and allegations as may be material and proper to establish the claim and cause of action of the claimant and plaintiff," as he was authorized to do by section 3 of chapter 478, Laws of 1862.

Unless the plaintiff can maintain his complaint the lien law is useless. By giving a fraudulent and void deed the owner may prevent a claimant from enforcing a lien. The lienor must prove ownership at the date of filing his notice. He cannot do that without proof to destroy the deed. To do that so as to effectually free the land from its operation he must have the grantees of the void papers as parties.

If the prayer for judgment upon the facts alleged is for too much, it is not a ground of demurrer.

Order sustaining demurrer overruled, with costs, and demurrer overruled, with costs, with leave to defendants to answer in twenty days on payment of costs.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Order sustaining demurrer reversed, with costs, and demurrer overruled with costs.